# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BURTON W. WIAND, as
Receiver for OASIS INTERNATIONAL
GROUP, LTD.;
OASIS MANAGEMENT, LLC;
and SATELLITE HOLDINGS
COMPANY,

               Plaintiff,

v.                                 Case No. 8:22-cv-1512-KKM-TGW

CLARK ASSET MANAGEMENT
CO. and DOUGLAS B. CLARK,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

The plaintiff filed this lawsuit to recover money paid to the defendants in furtherance of a Ponzi scheme (Doc. 1). The defendants failed to defend this case, and the Clerk entered defaults against them. The plaintiff filed a Motion for Default Judgment (Doc. 17), which was referred to me.

The well-pled complaint allegations, which are unchallenged by the defendants, establish the plaintiff's claims against the defendants for violating the Florida Uniform Fraudulent Transfer Act, Unjust Enrichment, and for Aiding and Abetting Breaches of Fiduciary Duties. Furthermore, the

plaintiff presented uncontroverted evidence that the defendants are responsible for damages totaling $120,000.00, plus prejudgment interest. I therefore recommend that the Motion for Default Judgment (Doc. 17) be granted, but only as to Counts I and III of the Complaint, as the Unjust Enrichment claim is moot because it was pled in the alternative to Count I.

I.

On July 1, 2022, the Receiver filed this lawsuit alleging that the defendants received illegal commissions and false profits in furtherance of a Ponzi scheme (Doc. 1). See Wiand v. Lee, 753 F.3d 1194, 1201 (11th Cir. 2014) ("A Ponzi scheme uses the principal investments of newer investors, who are promised large returns, to pay older investors what appear to be high returns, but which are in reality a return of their own principal or that of other investors."). He asserted against the defendants violations of the Florida Uniform Fraudulent Transfer Act (FUFTA) (Count I); Unjust Enrichment, in the alternative (Count II); and Aiding and Abetting Breaches of Fiduciary Duties (Count III) (Doc. 1).

On August 8, 2022, defendant Douglas B. Clark waived service of the summons and complaint (see Doc. 9). However, he failed to respond to the complaint as required by Rule 12, F.R.Civ.P. (see Doc. 12).

On August 24, 2022, the plaintiff served defendant Clark Asset

Management Co. (see Doc. 11). It also failed to respond to the complaint as required by Rule 12, F.R.Civ.P. (see Doc. 13). The plaintiff subsequently requested, and the Clerk entered, defaults against the defendants (Docs. 12-15).

The plaintiff then filed a Motion for Default Judgment against the defendants (Doc. 17), which was referred to me. He seeks to recover $120,000.00 in fraudulent transfers and prejudgment interest (id.). The defendants were served with the Motion for Default Judgment (see id., p. 22). However, neither responded to the motion, nor otherwise attempted to challenge the plaintiff's allegations.

## II.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Rule 55(b)(2), F.R.Civ.P.; DIRECTV, Inc. v. Griffin, 290 F.Supp. 2d 1340, 1343 (M.D. Fla. 2003). By defaulting, the defendant is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). On the other hand, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's

3

right to recover." <u>Nishimatsu Const. Co.</u> v. <u>Houston Nat. Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III.

The plaintiff seeks entry of default judgment against the defendants for violations of FUFTA, Unjust Enrichment, and Aiding and Abetting Breaches of Fiduciary Duties (Doc. 17). The well-pled complaint allegations, summarized below, establish liability on all three counts in the complaint, although the Unjust Enrichment claim is moot.

The plaintiff is the Receiver for Oasis International Group, Limited; Oasis Management, LLC; and Satellite Holdings Company ("Oasis" "Oasis entities") (<u>see</u> Doc. 17-1). As such, he is responsible for the collection and preservation of all assets, and he is authorized to bring this action to collect fraudulently transferred funds (<u>id.</u>).

The Oasis International Group, Limited, solicited and accepted funds from investors purportedly for trading in global securities (Doc. 1, ¶15). Tens of millions of dollars were invested based on mispresentations that it was a "no risk" investment with a minimum guaranteed annual return of 12% (<u>id.</u>, ¶28; <u>see also</u> <u>United States</u> v. <u>Anile</u>, 8:19-cr-334, Doc. 19, pp. 26-28). These representations were patently false.

In fact, very little trading occurred and the trading was not

4

profitable (Doc. 1, ¶¶29-30). Instead, most of the victim-investors' funds were used for Ponzi payments to perpetuate the scheme and for unauthorized personal and business expenses (id., ¶¶29, 30, 33; see also United States v. Anile, 8:19-cr-334, Doc. 19, pp. 26-28). Michael DaCorta and Joseph Anile, two of Oasis's owners and officers ("the Insiders"), were found guilty of fraud and other crimes in connection with the fraudulent operation of this Ponzi scheme (United States v. Anile, 8:19-cr-334, Doc. 27; United States v. DaCorta, 8:19-cv-605; Doc. 234).

Defendant Clark, a former registered investment advisor with decades of experience in the securities industry, allegedly "assisted DaCorta and Anile ... in onboarding investors to invest in the Oasis scheme," and purportedly "was instrumental in the purchase of investments by numerous Oasis investors" (Doc. 1, ¶14, see also id., ¶67). Clark founded Clark Asset Management Company (CAM), and he exercised total control over it (id., ¶13). It is alleged that the defendants either knew of the fraud and chose to participate in order to enrich themselves, or ignored the red flags that would have revealed the fraud underlying the Ponzi scheme (id., ¶21). The Insiders transferred to the defendants, through or on behalf of Oasis, $120,000.00, that was purportedly paid with money stolen from investors (id., ¶¶24, 25).

A. <u>FUFTA</u>

The Receiver asserts that he is entitled to default judgment on

his FUFTA claims under actual and constructive fraud theories (Doc. 17, pp.

10, 17). Under FUFTA's actual fraud provision,

> [a] transfer made or obligation incurred by a debtor
> is fraudulent as to a creditor, whether the creditor's
> claim arose before or after the transfer was made
> or the obligation was incurred, if the debtor made
> the transfer or incurred the obligation: (a) [w]ith
> actual intent to hinder, delay, or defraud any
> creditor of the debtor....

Fla. Stat. § 726.105(1)(a).

The Eleventh Circuit summarized the elements of this claim in

<u>Wiand</u> v. <u>Lee</u>, <u>supra</u>, 753 F.3d at 1199–2000:

> The statute requires "[1] a creditor to be defrauded,
> [2] a debtor intending fraud, [3] and a conveyance
> of property which is applicable by law to the
> payment of the debt due." *Johnson v. Dowell*, 592
> So.2d 1194, 1196 (Fla. 2d DCA 1992). A
> "creditor" is "a person who has a claim," and
> "claim" is broadly defined as "a right to payment,
> whether or not the right is reduced to judgment,
> liquidated, unliquidated, fixed, contingent,
> matured, unmatured, disputed, undisputed, legal,
> equitable, secured, or unsecured." Fla. Stat. §
> 726.102(4), (3). A fraudulent transfer must be of
> an "asset," which is defined as any "property of a
> debtor," excluding certain narrow exceptions. Fla.
> Stat. § 726.102(2).

6

The complaint alleges that the Insiders intentionally diverted Oasis investors' investment money to the defendants to perpetrate and perpetuate the Ponzi scheme (Doc. 1, ¶¶34, 45). Specifically, the Insiders transferred to the defendants, through or on behalf of Oasis, $120,000.00, which was purportedly paid with money stolen from investors (id., ¶¶22, 24, 25).[1] This wrongful transfer rendered the Oasis Entities a creditor, and the Insiders debtors of the Oasis Entities. Wiand v. Lee, supra, 753 F.3d at 1202-03; Fla. Stat. § 726.102(3) (A "claim" under FUFTA includes "any right to payment" including a contingent, legal, or equitable right to payment.).

Additionally, the Oasis Entities are entitled to repayment of those funds from the defendants because when funds are diverted from their lawful purpose an obligation arises to return those same funds for the benefit of the innocent investors. Wiand v. Lee, supra, 753 F.3d at 1203; see, e.g., id. (affirming summary judgment that voided distributions of investor profits received in perpetration of a Ponzi scheme).

Finally, FUFTA requires the plaintiff to show the debtor/transferor's "actual intent to hinder, delay or defraud." Fla. Stat. §726.105(1)(a). Significantly, the transferee's intent or knowledge of fraud

---

[1] The defendants received the transfers by check or wire transfer into an account owned by CAM or otherwise made payable to CAM (Doc. 1, ¶42).

7

is irrelevant for this purpose.  See id.

Here, the transferors' (i.e., the Insiders) requisite intent is established by the underlying Ponzi scheme.  Thus, "under FUFTA's actual fraud provision, proof that a transfer was made in furtherance of a Ponzi scheme establishes actual intent to defraud under §726.105(1)(a) without the need to consider the badges of fraud."  Wiand v. Lee, supra, 753 F.3d at 1201.

Here, not only does the complaint allege a Ponzi scheme, but Insiders Anile and DaCorta were found guilty of operating a Ponzi scheme with Oasis funds (United States v. Anile, 8:19-cr-334, Docs. 19, 27; United States v. DaCorta, 8:19-cv-605; Doc. 234).  Therefore, the transferors' intent of actual fraud is established.  See Wiand v. Lee, supra, 753 F.3d at 1200-01.  Accordingly, the plaintiff has satisfied the elements of a FUFTA actual fraud claim against the defendants.[2]

The plaintiff argues further that the defendants violated

_____

[2] The plaintiff, in an abundance of caution, addresses the FUFTA affirmative defense, which provides that "[a] transfer ... is not voidable under s. 726.105(1)(a) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee."  Fla. Stat §726.109(1).  As the plaintiff points out, this is an affirmative defense.  Therefore, it obviously has not been asserted by the defendants (Doc. 17, pp. 15-16).  Furthermore, the plaintiff persuasively argues, the affirmative defense does not apply here because the complaint establishes that the defendants did not take the funds in good faith or for a reasonably equivalent value (id., p. 16; see Doc. 1, ¶¶13-14, 21, 24).

FUFTA under a constructive fraud theory (Doc. 17, pp. 17-18; citing Fla.

Stat. §§ 726.105; 726.106).   As pertinent here, Fla. Stat. § 726.105(1)

provides:

> A transfer made or obligation incurred by a debtor
> is fraudulent as to a creditor, whether the creditor's
> claim arose before or after the transfer was made
> or the obligation was incurred, if the debtor made
> the transfer or incurred the obligation:
>                    ....
> (b) Without receiving a reasonably equivalent
> value in exchange for the transfer or obligation,
> and the debtor:
> 1. Was engaged or was about to engage in a
> business or a transaction for which the remaining
> assets of the debtor were unreasonably small in
> relation to the business or transaction; or
> 2. ... reasonably should have believed that he or
> she would incur, debts beyond his or her ability to
> pay as they became due.

Additionally, Fla. Stat. §726.106(1):

> A transfer made or obligation incurred by a debtor
> is fraudulent as to a creditor whose claim arose
> before the transfer was made or the obligation was
> incurred if the debtor made the transfer or incurred
> the obligation without receiving a reasonably
> equivalent value in exchange for the transfer or
> obligation and the debtor was insolvent at that time
> or the debtor became insolvent as a result of the
> transfer or obligation.

These elements are satisfied.  The Oasis entities were insolvent

when the Insiders transferred money to the defendants.  See Wiand v. Lee,

supra, 753 F.3d at 1201 ("Since Ponzi schemes do not generate profits sufficient to provide their promised returns, but rather use investor money to pay returns, they are insolvent and become more insolvent with each investor payment."); see In re Financial Federated Title & Trust, Inc., 309 F.3d 1325, 1332 (11th Cir.2002) ("By definition, a Ponzi scheme is driven further into insolvency with each transaction.").

Furthermore, based on the complaint allegations, the Oasis Entities did not receive reasonably equivalent value for the money transferred to the defendants, as the funds were illegal commissions paid to the defendants for participating in the Ponzi scheme (Doc. 17, p. 18, citing Doc. 1, ¶¶37-42).

In sum, the plaintiff has established the defendants violated FUFTA under its actual and constructive fraud provisions.[3]  Accordingly, I recommend that default judgment be entered in favor of the plaintiff and against the defendants on count I of the Complaint.

B. Unjust Enrichment

The plaintiff included in the complaint an Unjust Enrichment

---

[3] Notably, United States District Judge Virginia Hernandez Covington found sufficient less culpable allegations of FUFTA violations against defendants who received false profits from the Oasis Entities Ponzi scheme.  See Wiand v. Arduini, 20-cv-862, 2020 WL 6870609, 2020 WL 7024909 (M.D. Fla.).

claim as an alternative to the FUFTA count. The plaintiff correctly contends that the complaint allegations show that the defendants were unjustly enriched. However, since this claim was pled in the alternative to Count I (Doc. 1, p. 24, ¶7), and it is recommended that default judgment be entered against the defendants on Count I, the Unjust Enrichment claim is moot.

On the other hand, the plaintiff has requested default judgment on this claim. Therefore, the merits of the Unjust Enrichment claim are briefly addressed.

A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a "contract" as a matter of law. Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999).

> To succeed in a suit for unjust enrichment a plaintiff must prove that: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

Id. As discussed, the plaintiff conferred a benefit on the defendants, as the Insiders caused the Oasis Entities to illegally transfer $120,000.00 to the defendants, and the defendants obviously accepted and retained those benefits (Doc. 1, ¶¶25, 58, 59). Moreover, the defendants' receipt of those

11

benefits in furtherance of the Ponzi scheme establish that the defendants' retention of those benefits was inequitable and unjust.

### C. Aiding and Abetting Breaches of Fiduciary Duty

Insiders DaCorta and Anile owed fiduciary duties of care to Oasis, as they were Oasis owners, directors and officers (Doc. 1, ¶64). The Insiders breached those duties by orchestrating an illegal Ponzi scheme in which innocent investors lost tens of millions of dollars (see id., ¶67). The complaint alleges that the defendants assisted the Insiders' breaches of fiduciary duties by repeating material misrepresentations about the Oasis investment in order to onboard investors, for which they received illegal commissions (id., ¶¶14, 68). Therefore, the plaintiff is also entitled to default judgment against the defendants on Count III of the complaint.

In sum, based on the defendants' defaults, and the well-pleaded allegations of fact that are deemed admitted, the plaintiff has established cognizable claims for violations of FUFTA, Unjust Enrichment, and Aiding and Abetting the Breaches of Fiduciary Duty.

### IV.

The plaintiff seeks a default judgment in the amount of $120,000.00, plus prejudgment interest (Doc. 17, p. 21).

"Although a defaulted defendant admits well-pleaded

12

allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." <u>Miller</u> v. <u>Paradise of Port Richey, Inc.</u>, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

In support of the requested judgment, the plaintiff submitted a spreadsheet of the funds transferred from Oasis to the defendants, identifying the date and the amount of each transfer (Doc. 1-1). It substantiates that the illegal transfers totaled $120,000.00. Additionally, the plaintiff presented a spreadsheet outlining the calculation of the prejudgment interest from the date of each fraudulent transfer through October 31, 2022, which totals $26,092.90 (Doc. 17-2, p. 6). This unchallenged evidence amply supports the amount of the requested judgment. The plaintiff also lawfully requests prejudgment interest accruing between November 1, 2022, and the date of the judgment.

IV.

For the foregoing reasons, I recommend that the Motion for Default Judgment against the defendants (Doc. 17) be granted to the extent that default judgment be entered in favor of the plaintiff and against the defendants on Counts I and III, in the amount of $146,092.90, plus pre-judgment interest from November 1, 2022, until the date default judgment is

13

entered at a per diem rate of .000130137. I recommend Count II be denied as moot.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MARCH __27__, 2023.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions or to seek an extension of the fourteen-day deadline. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

14